# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SHARON WHEATFALL, § § Plaintiff, § § v. § § HEB GROCERY COMPANY, LP, § § Defendant. § § § | CAUSE NO. 4:23-CV-01961 |

## DEFENDANT HEB GROCERY COMPANY, LP'S MOTION TO DISMISS

Dated: October 25, 2023

OF COUNSEL:
Heather Sherrod
State Bar No. 24083836
Fed. I.D. No. 1734213
heather.sherrod@nortonrosefulbright.com

Stephen Shuchart
State Bar No. 24125703
Fed I.D. No. 3831642
stephen.shuchart@nortonrosefulbright.com

**Norton Rose Fulbright US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Respectfully submitted,

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
Fed. ID. No. 18235
shauna.clark@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

***Attorney-in-Charge for Defendant***

## **CERTIFICATE OF SERVICE**

 Pursuant to the Federal Rules of Civil Procedures, this pleading was served on opposing counsel on October 25, 2023.

 B R Johnson
 Law Office of Bill R. Johnson, PLLC
 5718 Westheimer Road
 Ste 1000
 Houston, Texas 77057
 Telephone: (832) 487-8612
 Email: bill.johnson@brjlawfirm.com

              /s/ *Heather Sherrod*
              Heather Sherrod

# **TABLE OF CONTENTS**

                                                                                                                                        Page

SUMMARY ................................................................................................................................ 1

STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ................................. 2

    I.    Dismissal Under Rule 12(b)(5) ............................................................................ 2

    II.    Dismissal Under Rule 12(b)(6) ........................................................................... 3

BACKGROUND ....................................................................................................................... 4

    I.    The Arbitrator Dismissed Wheatfall's Claims as Time Barred ................................ 4

    II.    Wheatfall Fails to Properly Serve Her Petition and Motion to Vacate the Arbitration Award ................................................................................................ 5

ARGUMENTS AND AUTHORITIES .................................................................................. 5

    I.    Wheatfall's Email Is Insufficient Service ............................................................. 5

    II.    Wheatfall's Application is Barred by the Statute of Limitations ......................... 7

    III.    Wheatfall's Application Fails to State a Plausible Claim for Relief .................... 9

CONCLUSION ....................................................................................................................... 11

## DEFENDANT HEB GROCERY COMPANY, LP's MOTION TO DISMISS

Defendant HEB Grocery Company, LP ("HEB"), files this Motion to Dismiss Plaintiff Sharon Wheatfall's Original Petition and Motion to Vacate Arbitration Award ("Petition and Motion to Vacate") pursuant to Rule 12(b)(5) of Federal Rules of Civil Procedure and, in the alternative, Motion to Dismiss pursuant to Rule 12(b)(6).

### SUMMARY

On August 20, 2021, Wheatfall filed suit in the Southern District of Texas alleging HEB discriminated against her in violation of the Americans with Disabilities Act ("ADA") and Chapter 21 of the Texas Labor Code ("Chapter 21"). *See, generally, Wheatfall v. HEB Grocery Co.*, 4:21-cv-2740 (S.D. Tex.). Wheatfall and HEB agreed to stay the federal action and filed a stipulation to proceed with binding arbitration. After full briefing by both parties, the arbitrator dismissed Wheatfall's claims as time barred on February 2, 2023.

On May 2, 2023, Plaintiff Sharon Wheatfall filed this lawsuit in Harris County District Court, seeking to vacate the arbitration award which dismissed her discrimination claims. That same day, Wheatfall's counsel emailed an unfiled and undated copy of the Petition and Motion to Vacate to HEB's counsel. On May 26, HEB removed the case to this Court.[1]  No further service attempts have been made and more than 90 days have

---

[1] HEB did not waive its objections to service of process by filing the Notice of Removal. *See Tribank Cap. Invs., Inc. v. Orient Paper, Inc.*, No. CV11–3708–R, 2013 WL 4200898, at *4 (C.D. Cal. Aug. 14, 2013) ("In removing a case, a [d]efendant does not waive challenges to personal jurisdiction, subject matter jurisdiction, venue, service of process, etc.; removal merely places the resolution of those questions in the hands of a federal judge in the first instance."). The United States Supreme Court has held that a removal to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction. *Wabash W. Ry. v. Brow*, 164 U.S. 271, 278–79 (1896).  Nor is proper service a prerequisite for a defendant to remove an action. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000); *see also Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. CV 4:20-1788, 2020 WL 3962247, at *5

elapsed since the action's removal. HEB now seeks the dismissal of Wheatfall's action for improper service and failure to state a claim.

Specifically, this action is an untimely attempt to revive untimely discrimination claims through improper service. Wheatfall counsel's email attaching an unfiled and undated Petition and Motion to Vacate to HEB's counsel without prior approval by HEB or the Court does not comport with either the Federal Rules of Civil Procedure or Texas Rules of Civil Procedure. This was Wheatfall's only attempt to notify HEB of the lawsuit, and she has failed to properly serve HEB within the time proscribed by these Rules.

In the alternative, even if Wheatfall somehow effectuated proper service on HEB (she did not), her request to vacate the dismissal of her arbitration should also be dismissed because Wheatfall has failed to state a claim supporting that the arbitrator's decision was arbitrary and capricious. Accordingly, Wheatfall's action, as more fully set forth below, should be dismissed.

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

**I.     Dismissal Under Rule 12(b)(5)**

The first issue in this Motion is whether Wheatfall failed to properly serve HEB after her counsel emailed a copy of the Petition and Motion to Vacate to HEB's counsel. A party may seek dismissal for insufficient service of process under Rule 12(b)(5). FED. R. CIV. P. 12(b)(5). Without proper service, a court cannot exercise personal jurisdiction over a party named as a defendant. *Brown v. Quian*, No. CV 4:20-0862, 2023 WL

---

(S.D. Tex. July 13, 2020). Therefore, Wheatfall has no basis to argue that HEB has waived its 12(b)(5) arguments or consented to suit by removing this action to this Court, where Plaintiff's original case was pending and administratively closed.

1765913, at *3 (S.D. Tex. Feb. 3, 2023). When an objection to service is made, the party making service bears the burden to demonstrate that service was sufficient and proper. *Calhoun v. City of Houston Police Dep't*, 855 F. App'x 917, 919 (5th Cir. 2021). The serving party also bears the burden of proving good cause for failure to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511. "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

## II.     Dismissal Under Rule 12(b)(6)

In the alternative, the second issue in this Motion is whether Wheatfall failed to state a plausible claim to the relief she seeks, which is the vacatur of the arbitration award. To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even when a complaint includes well-pleaded factual allegations, district courts must determine whether they plausibly give rise to an entitlement to relief. Dismissal is proper if the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See In re Baker Hughes Sec. Litig.*, 136 F. Supp. 2d 630, 636 (S.D. Tex. 2001), *aff'd sub nom. Abrams v. Baker Hughes Inc.*, 292 F.3d 424 (5th Cir. 2002); *see also Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 977 (E.D. Tex. 2010). Thus, Rule 12(b)(6) "allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of

unnecessary pretrial and trial activity." *Buenrostro v. Flight Safety Int'l, Inc.*, C.A. No. SA-99-CA-0819, 2001 WL 674171, *3 (W.D. Tex. Mar. 2, 2001).

## BACKGROUND

### I. The Arbitrator Dismissed Wheatfall's Claims as Time Barred

Plaintiff Sharon Wheatfall is a former HEB employee. On August 20, 2021, she filed a federal discrimination case in this Court, alleging that HEB discriminated against her on the basis of an alleged disability in violation of the Americans with Disabilities Act ("ADA"). *See generally, Wheatfall v. HEB Grocery Co.*, No. 4:21-cv-2740 (S.D. Tex.), D.E. 1 ("Wheatfall I"). On December 15, 2021, the Parties agreed to stay the federal action and filed a stipulation to proceed with binding arbitration. *Wheatfall I*, D.E. 7. The Court issued two orders that same day: one compelled arbitration and stayed proceedings and the other administratively closed the action pending arbitration but granted leave to reinstate the case "as the parties deem appropriate." *Wheatfall I*, D.E. 8, 9.

The Parties then proceeded with arbitration before the American Arbitration Association ("AAA"). *Wheatfall v. HEB Grocery Co.*, AAA No. 01-21-0018-0607. Prior to conducting discovery, HEB filed a motion to dismiss Wheatfall's claims as time barred. Pl.'s Orig. Pet. at 15 [Dkt. 1-1 at 15]. Wheatfall opposed the motion. *Id.* On February 2, 2023, the arbitrator issued a lengthy order finding Wheatfall's claims were time barred because she failed to timely file the lawsuit within 90-days of receiving her Notice of Right to Sue letter and dismissed the case. *Id.*

## II. Wheatfall Fails to Properly Serve Her Petition and Motion to Vacate the Arbitration Award

On May 2, 2023, Wheatfall initiated this lawsuit seeking to vacate the arbitrator's decision as arbitrary and capricious. *Id.* at 8. Notably, and despite the Court's explicit leave to re-file in the already-existing matter, *Wheatfall I*, Wheatfall filed this lawsuit in Harris County District Court. That evening, without HEB's prior agreement or court permission to serve HEB by email, Wheatfall's counsel emailed a unfiled and undated copy of the Petition and Motion to Vacate Arbitration Award. Exhibit A. The next day, HEB's counsel notified Wheatfall's counsel that HEB had never agreed to be served with lawsuits via email to its counsel. *Id.* She explained Wheatfall's "service" of the motion to vacate the arbitration award was not proper under Federal Rule of Civil Procedure 5 and that to comply with 9 U.S.C. § 10, Wheatfall was required to effectuate service on H-E-B through the proper means within three months. *Id.* On May 26, HEB removed the state action to this Court within 30 days of receipt of the Petition and has awaited proper service. Because Wheatfall never attempted to serve HEB, HEB moves to dismiss this lawsuit.

## ARGUMENTS AND AUTHORITIES

### I. Wheatfall's Email Is Insufficient Service

Dismissal is appropriate because Wheatfall has failed to comply with Rule 4(h) within the time permitted by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(h) provides that a corporation must be served by following the law of the state where the action was brought or where the service is made or by delivering a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized to receive

- 5 -

service of process.  *See* FED. R. CIV. P. 4(h).  Texas law requires that service be made by "delivering to the defendant, in person," or "mailing to the defendant by registered or certified mail, return receipt requested," the citation and petition.  TEX. R. CIV. P. 106(a).  Texas law provides a mechanism for service electronically, but only after the plaintiff first submits a sworn affidavit that "service has been attempted under (a)(1) or (a)(2)" and the court authorizes the alternative method of service.  TEX. R. CIV. P. 106(b).  Wheatfall has made no attempt at any point to properly serve HEB. As a result, an alternative means of electronic service was never available to her.

Pursuant to Federal Rule of Civil Procedure 4, if a defendant is not served within 90 days after the case is initiated or removed from state court, the case should be dismissed. FED. R. CIV. P. 4(m); *see Khnanisho v. Rivera*, No. 2:22-CV-00233, 2023 WL 3922652, at *11 (S.D. Tex. Apr. 6, 2023).

Wheatfall's email to HEB's counsel fails to comply with any rules for service.  First, HEB's counsel is not an officer, managing or general agent, or any other agent authorized or registered to accept service on behalf of HEB under Rule 4(h) of the Federal Rules of Civil Procedure or Texas Business Organizations Code § 5.201(a) and 5.255(1).  *See Coleman v. Carrington Mortgage Services, LLC*, No. 419CV00231ALMCAN, 2020 WL 4723174, at *3 (E.D. Tex. July 27, 2020).  HEB has never at any point consented to be served with new lawsuits through its counsel.  Upon receipt of Wheatfall's counsel's email, HEB's counsel immediately notified Wheatfall's counsel that she was not authorized to accept service on HEB's behalf.  Exhibit A. Despite receiving notice that her service was deficient, Wheatfall never bothered to serve an agent authorized to receive service for HEB.

Second, email is not a proper method of service. *Fortis Constr., LLC v. Avalos*, No. 1:23-CV-00009, 2023 WL 2154937, at *6 (E.D. Tex. Feb. 9, 2023) (noting that "emailing a defendant's counsel is not one of the prescribed methods of servicing on the defendant"); *Thomas v. Grunfos, CBS*, No. 4:18-CV-0557, 2019 WL 1792485, at *2 (S.D. Tex. Feb. 15, 2019); *Gonzalez v. Mayhill Behavioral Health, LLC*, No. CV 4:21-MC-00188, 2022 WL 1185889, at *2 (E.D. Tex. Apr. 21, 2022) ("Under Federal Rule of Civil Procedure 5, 'consent to electronic service must be expressly given in writing.'").

Third, Wheatfall's counsel did not include a citation with the copy of the Petition as required by Texas Rule of Civil Procedure 106(a). *See* Exhibit B. This is a third defect which renders Wheatfall's service insufficient. *See Dorsett*, 2022 WL 17069880, at *2.

More than 170 days have passed since Wheatfall filed her Petition and Motion to Vacate, and Wheatfall has not served HEB. As explained below, providing additional time for proper service is futile because Wheatfall has missed the statutory deadline to vacate an arbitration award. Therefore, Wheatfall's action should be dismissed. *Brown*, 2023 WL 1765913, at *3; *Dorsett*, 2022 WL 17069880, at *2-3.

II.   **Wheatfall's Application is Barred by the Statute of Limitations**

In the alternative, Wheatfall is barred from the relief she seeks both procedurally and substantively under Rule 12(b)(6). First, Wheatfall did not timely seek to vacate the arbitration award. Dismissal is appropriate when the factual allegations and dates alleged in the complaint show that a claim accrued outside of the limitations period. *See Whitehead v. Chevron USA, Inc.,* No. CIV.A. 3:03-CV-0956R, 2004 WL 594094, at *1 (N.D. Tex. Mar. 24, 2004).

The Federal Arbitration Act ("FAA") requires a party to **serve** a motion to vacate, modify or correct an arbitration award "within three months after the award is filed or delivered." 9 U.S.C. § 12. Service must be made "as prescribed by law for service of notice of motion in an action" of a court where the adverse party is a resident. *Id.* If a challenge to an arbitration award is not timely served, it is barred. *Am. Income Life Ins. Co. v. Alkurdi*, No. 6:19-CV-00016-ADA, 2019 WL 2022220, at *2 (W.D. Tex. Apr. 25, 2019). The three-month deadline is calculated as three "thirty-day month[s]." *Gonzalez*, 2022 WL 1185889, at *4. "**This three-month time limit is strictly construed by the courts**." *Id.* (stating that even one day late "alone would be sufficient to bar" the plaintiff's motion to vacate "as untimely").

Wheatfall missed the statutory deadline to serve her motion to vacate. The deadline began on February 2, 2023, when the arbitrator issued her decision. *See* D.E. 1-1 at 15. Wheatfall was required to serve her motion to vacate on HEB within § 12's requisite three-month window—by May 3, 2023. As discussed above, Wheatfall's email to HEB's counsel was not proper under either the Federal Rules of Civil Procedure or the Texas Rules of Civil Procedure. HEB is a resident of the state of Texas. Neither the Federal nor Texas Rules of Civil Procedure permit email to be an initial form of service on a party in a new action.[2] *See* FED. R. CIV. P. 4(h); TEX. R. CIV. P. 106(a). Moreover, neither HEB nor its counsel ever consented to service by e-mail. *See also Gonzalez*, 2022 WL 1185889, at *2 (concluding that the plaintiff's service of a motion to vacate an arbitration award via

---

[2] HEB notes that it is Wheatfall's gamesmanship—filing a new state court lawsuit rather than filing her motion to vacate in the ongoing federal court case (No. 4:21-cv-2740 (S.D. Tex.))—that is likely the ultimate cause for her failure to timely effectuate proper service of her motion.

- 8 -

email without opposing counsel's consent was improper and failed to comply with the FAA's requirements). Over four more months have passed since the deadline and Wheatfall has still not properly served HEB with Petition and Motion to Vacate. Thus, she has failed to meet the FAA's requirements and her motion is time-barred.

### III.     Wheatfall's Application Fails to State a Plausible Claim for Relief

Finally, the Petition and Motion to Vacate fails to state any facts or legal basis plausibly supporting grounds for vacatur of the arbitration award. Wheatfall alleges that the arbitration award should be vacated because the arbitrator's decision was arbitrary and capricious, failed to show impartiality, and the arbitrator exceeded her powers by dismissing her claims. Pl.'s Orig. Pet. at 16-21 [Dkt. 1-1 at 16-21]. Wheatfall's sole argument supporting these claims is confusing at best. She appears to allege that by invoking the parties arbitration agreement, HEB waived its right to assert that Wheatfall failed to timely file her discrimination claim within 90 days of receiving her Notice of Right to Sue letter. *Id.* at 20. This argument is baseless.

Wheatfall's cited authority does not stand for the propositions for which it was asserted. First, Wheatfall points to the Supreme Court's decision in *Fort Bend County. v. Davis*, which held that Title VII's prerequisite to file a charge with the EEOC (and the subsequent requirement to timely file after receiving a Right-to-Sue Letter) is not a jurisdictional rule. *See id.* at 19 (citing *Fort Bend Cnty. v. Davis*, 139 S.Ct. 1843, 1849 (2019). Instead, the rule is a "claim-processing rule," which is "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Davis*, 139 S. Ct. at 1849 (cleaned up). The Court made clear claim-processing rules are still "preconditions to

relief." *Id.* at 1850. The practical implication of this holding is that the charge-filing requirement may be forfeited if the defendant fails to timely raise it. *See id.* at 1851. However, Wheatfall does not allege that HEB failed to timely raise that her claims were time-barred—nor could she. HEB promptly filed a Motion to Dismiss Wheatfall's claims in the arbitration before any discovery took place. The arbitrator agreed and dismissed the case.

Next, Wheatfall cites *Melton v. Pavilion Behavioral Health Systems* as support for the proposition that an EEOC Notice of Right-to-Sue does not override a binding arbitration agreement. 843 F. App'x 9, 10 (7th Cir. 2021). HEB agrees. But this decision does not stand for the proposition that Wheatfall's failure to timely file her lawsuit should be excused. This is not the law.

Wheatfall also appears to argue that the dismissal of her claims should be vacated because there is a valid, mandatory arbitration agreement and the arbitrator ignored this contract by dismissing her claims as time-barred. D.E. 1-1 at 21-23. However, the parties did arbitrate Wheatfall's claims. That the arbitrator dismissed Wheatfall's claims is not indicative that she refused to abide by the arbitration agreement; rather, it is proof of it.

In sum, the arbitrator properly dismissed Wheatfall's claims because she failed to file them within the 90-day limitation period of her Right-to-Sue Letter. *See, e.g., Taylor v. Books A Million, Inc.* 296 F.3d 376, 379 (5th Cir. 2002). Thus, Wheatfall's argument has no basis in law or fact and her Petition should be dismissed.

## CONCLUSION

Based on the foregoing, Defendant HEB Grocery Company, LP respectfully requests that the Court dismiss Plaintiff's Petition and Motion to Vacate, that Plaintiff take nothing by this action, and that it be awarded its costs of court and reasonable attorneys' fees. Defendant further request all other relief to which it may be justly entitled.