UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHARON WHEATFALL, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-cv-01961 |
| § | |
| HEB GROCERY COMPANY, LP, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion to Remand (Dkt. 15) filed by Plaintiff Sharon Wheatfall ("Wheatfall"), and a Motion to Dismiss (Dkt. 11) filed by Defendant HEB Grocery Company, LP ("HEB"). Having reviewed the briefing, the record, and the applicable law, I recommend the Motion to Remand be **DENIED**, the Motion to Dismiss be **GRANTED**, and this case dismissed.

## BACKGROUND

On August 20, 2021, Wheatfall filed suit in federal district court against HEB, alleging discrimination in violation of the Americans with Disabilities Act ("ADA") and Chapter 21 of the Texas Labor Code ("Chapter 21"). *See* Complaint, *Wheatfall v. HEB Grocery Co.*, No. 4:21-cv-2740 (S.D. Tex. Aug. 20, 2021), ECF No. 1. On December 15, 2021, Wheatfall and HEB stipulated that their dispute be submitted to arbitration. Judge David Hittner stayed and administratively closed the case pending arbitration, giving the parties "leave to move to reinstate the case . . . at such time in the future as the parties deem appropriate." Order, *Wheatfall*, No. 4:21-cv-2740 (S.D. Tex. Dec. 15, 2021), ECF No. 9.

On November 1, 2022, HEB moved to dismiss the arbitration, arguing that Wheatfall's claims were time-barred. On February 2, 2023, the Arbitrator issued a final ruling granting HEB's motion to dismiss. On May 2, 2023, Wheatfall filed the instant lawsuit in the 334th Judicial District Court, Harris County, Texas, seeking

to vacate the February 2, 2023 award. Wheatfall's state court petition was filed "pursuant to the Federal Arbitration Act ('FAA')." Dkt. 1-1 at 8. That same day, Wheatfall's counsel emailed a copy of the state court pleadings to HEB's counsel.

On May 26, 2023, HEB removed the state court lawsuit to federal district court on the basis of federal question jurisdiction, arguing that "[a]lthough the FAA is not an independent source of jurisdiction, courts have subject matter jurisdiction over FAA claims when the underlying civil action would otherwise be subject to the court's jurisdiction." Dkt. 1 at 3.

Wheatfall has moved to remand this action back to state court, and HEB has moved to dismiss it. For the reasons explained below, this court has jurisdiction and this case should be dismissed. Because jurisdictional questions must be addressed before merits questions, I will tackle the Motion to Remand first.

## MOTION TO REMAND

### A. LEGAL STANDARD

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove an action from state court to a federal court when the action would otherwise be within the court's original jurisdiction. *See* 28 U.S.C. § 1441(a). The burden to establish federal jurisdiction is on the "party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Although the FAA is a law of the United States, "is not an independent source of jurisdiction." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 685 (5th Cir. 2001). "A party may obtain relief in federal court under the FAA only when the underlying civil action would otherwise be subject to the court's federal question or diversity jurisdiction." *Id.* (citing 9 U.S.C. § 4).

### B. THE UNDERLYING ACTION IS SUBJECT TO THE COURT'S FEDERAL QUESTION JURISDICTION

Because the arbitral award that Wheatfall seeks to vacate concerned a federal cause of action under the ADA, HEB contends this court has federal

question jurisdiction. I agree. "Here, the underlying dispute between [Wheatfall] and [HEB] arises out of the ADA, a federal statute. Because the arbitration claims would thus be subject to federal-question jurisdiction absent the arbitration agreement, the district court ha[s] authority to resolve the parties' motions under . . . the FAA." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 843 (5th Cir. 2020).

Wheatfall fails to contend with this black letter law. Instead, Wheatfall asserts that HEB "has not provided any applicable case law or statute that mentions this dispute between the two parties as a matter that raises a federal question." Dkt. 15 at 7. That is just wrong. HEB expressly noted in its notice of removal that "Wheatfall's underlying claims are based on the ADA, 42 U.S.C. §§ 12112 *et seq*, because she alleged that she was discriminated against on account of her disability and that HEB refused to accommodate her." Dkt. 1 at 3. HEB also cited the *federal* court case *that Wheatfall instituted* that led to the arbitration. *See id.* (citing *Wheatfall*, No. 4:21-cv-2740 (S.D. Tex.)). Wheatfall's underlying claims obviously arise under federal law (the ADA), as Wheatfall herself acknowledged when instituting this action in state court. *See* Dkt. 1-1 at 14 ("Petitioner initially filed her suit in the United States District Court Southern District of Texas . . . on August 20, 2021. The suit alleged that Respondent violated Title I of the [ADA]."). Thus, Wheatfall's Motion to Remand should be denied.

## MOTION TO DISMISS

Having determined that this court has jurisdiction over this action, I turn to HEB's Motion to Dismiss. HEB moves to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5)[1] or, alternatively, for failure to state a claim under Rule 12(b)(6). Because I find that service was insufficient, I do not reach HEB's arguments under Rule 12(b)(6).

---

[1] "A defendant's removal to federal court does not waive its right to object to service of process." *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)).

### A.    LEGAL STANDARD

Proper service must be effectuated within 90 days after the complaint is filed. *See* FED. R. CIV. P. 4(m). A party may seek dismissal for insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). When service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Rule 4 provides that service may be made in one of four ways: (1) personal delivery to the individual; (2) leaving a copy at the individual's dwelling; (3) delivery to an agent authorized by law; or (4) any method permitted by the law of the "state where the district court is located or where service is made." FED. R. CIV. P. 4(e). In Texas, service may be made by personal delivery or "by registered or certified mail, return receipt requested." TEX. R. CIV. P. 106(a). Texas permits service by email only upon motion supported by a sworn statement. *See* TEX. R. CIV. P. 106(b)(2). "The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

### B.    ANALYSIS

As already noted, Wheatfall's counsel's sent an email to HEB's counsel on May 2, 2023, attaching a copy of the state court lawsuit. May 2, 2023 was the next-to-last possible day for serving a motion to vacate an arbitration award. *See* 9 U.S.C. § 12 (requiring notice of a motion to vacate an arbitration award to "be served upon the adverse party or his attorney within three months after the award is filed"). It is undisputed that Wheatfall's sole attempt at service was this May 2, 2023 email to HEB's counsel.

Wheatfall contends Rule 4 is inapplicable because ""[t]here does not need to be additional service" because her "motion to vacate the arbitral award . . . is NOT a new case." Dkt. 14 at 7–8. This argument is remarkable for how wrong it is on its face. Wheatfall did not file a motion to vacate the arbitral award in the original federal court proceeding. Wheatfall did not file in federal court at all. Rather,

4

Wheatfall initiated an entirely new lawsuit in Texas state court to vacate the award. When that lawsuit was removed, it generated a new case number in federal district court because it is a new lawsuit. Accordingly, Wheatfall was required to effectuate service under Rule 4. Wheatfall's attempted form of service by email is not permitted under the Federal or Texas Rules of Civil Procedure. Accordingly, Wheatfall has failed to properly serve HEB with process in this action.

To avoid dismissal for insufficient service of process under Rule 12(b)(5), Wheatfall would need to establish "good cause" for her failure to timely effectuate service. "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (quotation omitted). Wheatfall does not even discuss good cause, much less attempt to show why good cause should be found here. Nor could I possibly find good cause. On May 3, 2023, HEB's counsel replied to Wheatfall's counsel's email:

> H-E-B did not and has not ever agreed in writing to be served with lawsuits via email to Shauna Clark or anyone else at our law firm. Your "service" of the motion to vacate the arbitration award is not proper under Federal Rule of Civil Procedure 5. To comply with 9 U.S.C. § 10 [sic] you were required to effectuate service on H-E-B through the proper means within 3 months. You cannot save Ms. Wheatfall's untimely filed motion to vacate by emailing it to us. You also should have timely moved to reopen the stayed federal court lawsuit, rather than open an entirely new state court case that does not have jurisdiction.
>
> We ask that you withdraw Ms. Wheatfall's untimely filed motion to vacate the arbitration award, which is also baseless on the merits, or we will be forced to move for sanctions.

Dkt. 11-1 at 2.[2] Despite this very clear warning, Wheatfall's counsel never attempted service again, content to rest on the legally unsupported belief that

---

[2] Wheatfall does not object to this email, which HEB attaches to its Motion to Dismiss. I may consider a document attached to a motion to dismiss if it is "referred to in the plaintiff's complaint and [is] central to her claim." *Collins v. Morgan Stanley Dean*

proper service was not required. It was, and the time has long since passed for effecting proper service. Accordingly, HEB's Motion to Dismiss should be granted for insufficient service of process.

## CONCLUSION

For the reasons discussed above, I recommend that Wheatfall's Motion to Remand (Dkt. 15) be **DENIED** and HEB's Motion to Dismiss (Dkt. 11) be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 29th day of April 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

*Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The email is referenced in Wheatfall's certificate of service for her original state court petition. *See* Dkt. 1-1 at 24. Although Wheatfall thinks service is not central to her claim, as shown by this opinion, it is. Therefore, I may consider this email.